UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALEX ROY; aka ALEX JOSEPH ROY, JR.; aka A.J. ROY; aka AL ROY, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:17-CV-9 |
| | § | |
| TANYA LAWSON, *et al*, | § § | |
| Defendants. | § | |

# OPINION DENYING PLAINTIFF'S
# MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice. Proceeding *pro se*, he filed a civil rights action pursuant to 42 U.S.C. § 1983. The case has been assigned to the undersigned for case management. Pending is plaintiff's motion for appointment of counsel. (D.E. 18).[1] No constitutional right to appointment of counsel exists in civil rights cases. See *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994) (per curiam). A district court is not required to appoint counsel unless "'exceptional circumstances'" exist. *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987) (quoting *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986) (per curiam)). The Fifth Circuit has enunciated several factors that the Court should consider in determining whether to appoint counsel:

---

[1] Plaintiff states in his motion he does not understand why his medical records were filed under seal and he questions his ability to present his case without access to his medical records. Plaintiff is advised his medical records were filed under seal to protect his privacy interests. There is no prohibition preventing Plaintiff from possessing his own medical records. Plaintiff may possess his own medical records and he may present those records to the Court at the appropriate time.

1 / 2

> (1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case.

*Jackson*, 811 F.2d at 262 (citing *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982)); *accord Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).

Upon careful consideration of the factors set forth in *Jackson*, the Court finds that appointment of counsel is not warranted at this time. Regarding the first factor, plaintiff's civil rights claims do not present any complexities that are unusual in prisoner actions. The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. Plaintiff has thus far demonstrated that he is able to communicate adequately and file pleadings with the Court. The fourth factor requires an examination of whether the evidence will consist in large part of conflicting testimony. It is too early in the proceedings to evaluate this factor.[2]

For the foregoing reasons, plaintiff's motion for appointed counsel, (D.E. 18), is DENIED without prejudice.

ORDERED this 21st day of April, 2017.

*Jason Libby*
Jason B. Libby
United States Magistrate Judge

---

[2] The undersigned will reconsider plaintiff's request for counsel if the case proceeds to trial or if the circumstances otherwise warrant reconsideration.